# IN THE COURT OF APPEALS OF IOWA

No. 23-0775
Filed August 30, 2023

**IN THE INTEREST OF J.F. and J.S.,**
**Minor Children,**

**E.L., Mother,**
        Appellant.

_____


Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.


A mother appeals the termination of her parental rights.  **AFFIRMED.**


Agnes G. Warutere of Warutere Law Firm, PLLC, Ankeny, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Jami Hagemeier, Des Moines, attorney and guardian ad litem for minor children.


Considered by Bower, C.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

A mother appeals the termination of her parental rights to her children, born in 2013 and 2022.[1]  She contends she should have been granted additional time to work toward reunification and termination was not in the children's best interests. Upon our review, we affirm.

*I.*      ***Background Facts & Proceedings***

This family came to attention of the department of health and human services in early 2022, when J.F. and the mother tested positive for methamphetamine at the time of J.F.'s birth.  The mother acknowledged using methamphetamine in the home while J.S. was present, prior to J.F.'s birth.[2]  There were also concerns about domestic violence in the home.  The children were removed from the mother's care, adjudicated in need of assistance, and placed in family foster care where they have remained.

The mother had a substance-abuse evaluation in February 2022, which recommended intensive outpatient treatment.  But the mother "struggled to consistently engage" in treatment.  Meanwhile, she missed several drug tests and tested positive for amphetamine and methamphetamine on others.  By October, the mother had become inconsistent with visits.  In December, the mother entered inpatient treatment, but she was discharged unsuccessfully after eleven days.

The termination hearing took place in April 2023.  The mother had recently completed another substance-abuse evaluation, which recommended inpatient

---

[1] The fathers' parental rights were also terminated.  They did not appeal.
[2] The family had previous involvement with the department in 2018 through 2019 due to concerns with the mother's supervision and substance use, which resulted in several founded child abuse assessments against the mother.

treatment. The mother testified she was trying "to get into some treatment" and participate in mental-health counseling. She acknowledged she was homeless but stated "first I just want to deal with my substance abuse" before addressing her housing. She testified her "last date of use" was "[p]robably [a] couple days ago." The mother's visits with the children were going well "overall" but had been reduced due to "concerns with [her] inconsistent attendance." The caseworker noted the children "struggle[]" when the mother "doesn't show or she's significantly late."

The mother requested the court to give her an additional six months to work toward reunification. When asked how "things will be different in the next six months compared to the past year," the mother responded, "I don't know what would be different, but I'm continuing to try—now I think I'm just going to go with [any substance-abuse treatment facility] really . . . . Right now I'm probably just going to go with whatever I can that will help."

Following the hearing, the court entered an order terminating the mother's parental rights under Iowa Code section 232.116(1)(f) (2023) as to J.S. and section 232.116(1)(h) as to J.F. She appeals.

## II.    *Standard of Review*

Appellate review of termination-of-parental-rights proceedings is de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). Our paramount concern in termination proceedings is the best interests of the children. *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019).

### III.    Analysis

In reviewing the order terminating the mother's parental rights, we use a three-step analysis: first, determine if a ground for termination exists under Iowa Code section 232.116 paragraph (1); next, apply the best-interest framework from paragraph (2); and last, consider if any exceptions from paragraph (3) apply to preclude termination. *In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018).

Because the mother does not contest the existence of the grounds for termination, we need not discuss this step. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

*A. Six-month extension.*  The mother asserts if she were granted a six-month extension, the grounds for termination would no longer exist.  She points to her testimony that she "intended to seek admission to [a treatment center in Prairie City,] which would keep her away from the negative influences in the Des Moines area."  At the February 7 permanency hearing, the mother had requested a six-month extension to achieve reunification.  The court declined to grant her request, noting she "had finally entered treatment, but left after a couple of weeks," and she "was homeless, inconsistent with visits, and not engaged in services."  The court stated it "could not find that reunification was likely to occur within six months."  However, the mother had more than two months between the permanency and termination hearing in which she could have shown the progress she suggested at the hearing.  She made little progress in that time; at the termination hearing, she testified she had used methamphetamine within the past few days and was not yet in treatment.

To grant an extension of time for reunification, the court must "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the child will be able to return to the parent at the end of the additional six months. Iowa Code § 232.104(2)(b). Here, the mother had not demonstrated the ability to maintain stable housing, employment, or sobriety in the community. She was inconsistent with visits and had not addressed her mental-health needs. On this record, the court had no basis on which to grant an extension.

*B. Best interests of the children.* Our statutory best-interests framework considers "the child[ren]'s safety, . . . the best placement for furthering the long-term nurturing and growth of the child[ren], and . . . the physical, mental, and emotional condition and needs of the child[ren]." *Id.* § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted).

This case began and ended with the mother's substance abuse. She and J.F. tested positive for methamphetamine in January 2022 at the time of J.F.'s birth, prompting department involvement; she tested positive for methamphetamine periodically since that time, despite attempting outpatient and inpatient treatment; and she acknowledged using a "couple days" prior to the termination hearing. The mother reported her "longest period of sobriety" since 2018 had been only "two months." The juvenile court observed: "Unfortunately, the safety concerns that led to removal continue to exist today"; the mother "has been unable to take the steps necessary to begin substance abuse treatment or

to address her mental health. She continues to use illegal substances and is unstable in all areas of her life." The court further noted the children are "currently placed with a family that meets the criteria of a long-term, nurturing home and [they] should not have to wait any longer for a permanent home." Termination is in the children's best interests.

*C. Exceptions to termination.* Once the State has proven grounds for termination, the burden shifts to the parent to prove a permissive exception under section 232.116(3). *A.S.*, 906 N.W.2d at 475–76. The mother claims the closeness of the parent-child bond, "especially to J.S.," should prompt the court to apply an exception to termination. *See* Iowa Code § 232.116(3)(c). The caseworker acknowledged having "observed an appropriate relationship, a loving relationship, very nurturing" between the mother and the children. The mother's testimony also reflects a bond with the children. However, application of the exception under paragraph (c) "requires clear and convincing evidence that 'termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.'" *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (quoting Iowa Code § 232.116(3)(c)). The mother has not established termination of her rights will be detrimental to the children.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**